

PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/823-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
ZACHARY T. WOODFORD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ZACHARY T. WOODFORD,

Plaintiff,

v.

DANIEL SEFTEL; LUCIENNE SEFTEL, WEI-SENG CHAN-KAI AND IVY WS CHAN-KAI; AND DOES 1-10, INCLUSIVE,

Defendants.

CASE NO. C09-02569
Civil Rights

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 54, 54.1, 54.3, AND 55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990

DEMAND FOR JURY TRIAL

Plaintiff ZACHARY T. WOODFORD complains of defendants DANIEL SEFTEL; LUCIENNE SEFTEL; WEI-SENG CHAN-KAI AND IVY WS CHAN-KAI; QUEST DIAGNOSTICS, INC.; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible public facilities, including parking, path of travel, access to the entrance, and access to the restroom, and related facilities, to plaintiff and other disabled persons at the medical offices complex located at 550 Water St., Santa Cruz, California. Plaintiff ZACHARY T. WOODFORD is a "person with a disability"

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

1  or "physically handicapped person," due to quadriplegia. Plaintiff requires the
2  use of a wheelchair for mobility and is unable to use portions of public facilities
3  which are not accessible to disabled persons, including those who require the use
4  of a wheelchair. Plaintiff was denied his rights to full and equal access at these
5  facilities, and was denied his civil rights under both California law and federal
6  law, because these facilities were not, and are not now, properly accessible to
7  physically disabled persons, including those who use wheelchairs. Plaintiff seeks
8  injunctive relief to require defendants to make these facilities accessible to
9  disabled persons and to ensure that any disabled person who attempts to use these
10 medical office and medical testing laboratory facilities, and adjacent parking
11 facilities, will be provided properly disabled accessible facilities. Plaintiff also
12 seeks recovery of damages for his discriminatory experiences and denial of access
13 and civil rights, which denial is continuing as a result of defendants' failure and
14 refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of
15 reasonable statutory attorney fees, litigation expenses and costs.

16     2.    **JURISDICTION:** This Court has jurisdiction of this action
17 pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act
18 of 1990, 42 USC 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and
19 related causes of action arising from the same facts are also brought under
20 California law, including but not limited to violations of California Health &
21 Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of
22 Regulations; and California Civil Code §§ 54, 54.1 and 55.

23     3.    **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
24 and is founded on the fact that the real property which is the subject of this action
25 is located in this district and that plaintiff's causes of action arose in this district.

26     4.    **INTRADISTRICT:** This case should be assigned to the San Jose
27 intradistrict as the real property which is the subject of this action is located in
28 this intradistrict and plaintiff's causes of action arose in this intradistrict.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-    S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

5.     **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and requires use of a wheelchair to assist him with locomotion. Defendants DANIEL SEFTEL; LUCIENNE SEFTEL, WEI-SENG CHAN-KAI AND IVY WS CHAN-KAI; QUEST DIAGNOSTICS, INC.; and DOES 1-10, Inclusive, are the owners, operators, and lessors of the property, buildings, businesses, parking facilities, and exterior paths of travel located at 550 Water St., Santa Cruz, California. (Because plaintiff considers the owners and lessors of the subject property to be primarily responsible for the lack of access, plaintiff is intentionally not suing any of the doctors who practice medicine as tenants at this location.) However, plaintiff is suing defendant Quest Diagnostics, Inc. (hereinafter sometimes "Quest" or "Quest Diagnostics") as it operates a medical laboratory on these premises that plaintiff is unable to use because defendant Quest does not offer an accessible restroom where plaintiff could, for example, provide a urine sample in privacy. Plaintiff does not know whether defendant Quest is a tenant and lessee, but is an "operator" of certain facilities at the subject premises. Quest has previously been sued by one or more disabled persons with regard to the lack of access for disabled persons at *other* Quest business locations, but has failed in its legal duties to evaluate all of its facilities and make all of its facilities disabled accessible, including the instant facilities at 550A Water St., Santa Cruz.)

6.     These buildings, businesses and facilities, and parking facilities, are each a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 54 *et seq.* On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.* Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -3-     S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

1 Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

7. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants DANIEL SEFTEL; LUCIENNE SEFTEL, WEI-SENG CHAN-KAI AND IVY WS CHAN-KAI; QUEST DIAGNOSTICS, INC.; and DOES 1-10, Inclusive, are and were the owners, operators and lessors (and, as to Quest, lessees) of the subject business, property, buildings, exterior paths of travel and parking facilities at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54.1 *et seq.*)**

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -4-     S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

10. Plaintiff ZACHARY T. WOODFORD and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

11. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the property, buildings, businesses, parking facilities, and exterior paths of travel located at 550 Water Street, Santa Cruz, California. The codes relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject buildings and to their parking facilities during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq.*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -5- S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

12. **FACTUAL STATEMENT:** On at least two occasions, on or about September 9-11, 2008, and on multiple other occasions during the past two years, according to proof, plaintiff Zachary T. Woodford visited doctors for medical treatment, and was deterred from patronizing Quest Diagnostics by his knowledge that they have no accessible restroom facilities, all located at 550A Water Street, Santa Cruz. Plaintiff, who is disabled by quadriplegia, owns a disabled accessible licensed vehicle and was and is entitled to use a van-accessible parking space in visits to these public facilities, both past and future. However, on each occasion that he has visited during the past two years he found virtually all of the designated disabled accessible and "van-accessible" parking spaces to be improperly configured and improperly located for his use. Further, each such designated parking space was not serviced by a properly accessible path of travel to his doctors' offices. Further, on each such occasion that he used the medical facilities in this building, and was deterred from using Quest Diagnostics at this location, plaintiff was inconvenienced and suffered physical, mental and emotional injuries, all to his damages.

13. On at least one occasion in the last two years, because there were no accessible restroom facilities, plaintiff suffered a humiliating incident while visiting his doctors in the subject building, and eventually was forced to ask for assistance in order to carry out his bodily functions, all to his humiliation and damages. Further, when plaintiff requires laboratory testing, plaintiff must travel to another building to do so because Quest Diagnostics and Does 6-10, although located in the same building as plaintiff's doctors, also does not provide accessible restroom facilities. On information and belief there are other access deficiencies at the subject building, including but not limited to difficulty for a disabled wheelchair user to independently gain entry to the building, or exit the building, due to the weight of the exterior door, according to proof.

14. These public facilities are inaccessible to persons with disabilities in

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -6-     S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

multiple aspects, including but not limited to the following: the lack of the required number, location and configuration of accessible and van-accessible parking facilities; the lack of accessible paths of travel from all parking spaces to the interior of the medical facilities at 550 A Water St.; and the lack of accessible restroom facilities; all rendering these premises illegally inaccessible to and unuseable by physically disabled persons, including plaintiff. All facilities must be brought into compliance with all applicable federal and state statutory and regulatory requirements.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            -7-            S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and is deterred from more frequent visits to these doctors' offices and testing laboratory facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to return and patronize these facilities once legally required access has been provided. Plaintiff has also been deterred from patronage of these public facilities by the lack of properly accessible restrooms and accessible parking facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court. As to those of the defendants that currently own and lease out the subject premises, and as to all defendants which own or operate, or lease Quest Diagnostics, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

18. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

19. **DAMAGES:** As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, leasing, constructing, altering, and maintaining the subject facilities,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

plaintiff suffered multiple violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

20. **TREBLE DAMAGES** - Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons. Further defendants knew that some of their patrons would be and were physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. On information and belief, one or more of the tenants complained to the landlord defendants about the lack of access and advised each of the defendants that plaintiff and other disabled persons had complained about the lack of access, particularly about the lack of accessible restroom facilities servicing any of the businesses in Building A, 550A Water Street. Further, defendant Quest Diagnostics, Inc. has previously been sued with regard to other inaccessible facilities that Quest owned and operated in the San Francisco Bay Area, but still continues to operate and maintain this facility in an inaccessible condition. Despite actual knowledge of their legal obligations, all defendants have continued to maintain the physical barriers complained of. On information and belief, defendants failed to remove these barriers even after knowledge of complaints by plaintiff and other disabled persons, and have failed to provide properly accessible facilities as required by state and federal law. Defendants have

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

1  continued their illegal and discriminatory policies and practices despite actual
2  knowledge that people with physical mobility disabilities attempt to patronize the
3  subject public facilities and encounter illegal barriers when they do so.
4    21.  At all times herein mentioned, defendants knew, or in the exercise of
5  reasonable diligence should have known, that their barriers and practices at their
6  subject facilities violated disabled access requirements and standards, and had a
7  discriminatory affect upon plaintiff and upon other physically disabled persons,
8  but defendants have failed and refused to rectify these violations, and presently
9  continue a course of conduct of failure to remove architectural barriers that
10 discriminate against plaintiff and other similarly situated disabled persons.  Such
11 conscious disregard for the rights and safety of disabled persons warrants an
12 award of treble damages as to each such defendant.
13   22.  **FEES AND COSTS:** As a result of defendants' acts, omissions, and
14 conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
15 costs as provided by statute, in order to enforce plaintiff's rights and to enforce
16 provisions of the law protecting access for disabled persons and prohibiting
17 discrimination against disabled persons.  Plaintiff therefore seeks recovery of all
18 reasonable attorney fees and costs, pursuant to the provisions of California Civil
19 Code §§ 54.3 and 55, and California Health & Safety Code § 19953.
20 Additionally, plaintiff's lawsuit is intended to require that defendants make their
21 facilities accessible to all disabled members of the public, justifying "public
22 interest" attorney fees and costs pursuant to the provisions of California Code of
23 Civil Procedure § 1021.5 and other applicable law.
24   WHEREFORE, plaintiff prays for damages and injunctive relief as
25 hereinafter stated.
26 //
27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 *et seq.*

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them herein as if separately repled.

24. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 USC §12101.

25. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 USC § 12101(b).

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -11-  S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

26. As part of the ADA, Congress enacted "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181*et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per § 301(7)(F), which includes any "... professional office of a health care provider, hospital, or other service establishment."

27. The ADA clearly states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

§ 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -12- S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

1   readily achievable;"

2   § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier
3   under clause (iv) is not readily achievable, a failure to make such goods, services,
4   facilities, privileges, advantages, or accommodations available through alternative
5   methods if such methods are readily achievable."

6           The acts and omissions of defendants set forth herein were in
7   violation of plaintiff's rights under the ADA and the regulations promulgated
8   thereunder, 28 CFR Part 36 *et seq*.

9       28.     The removal of each of the barriers complained of by plaintiff as
10  hereinabove alleged, were at all times herein mentioned "readily achievable"
11  under the standards § 302 of the ADA. As noted hereinabove, removal of each
12  and every one of the architectural barriers complained of herein were also
13  required under California law. Further, on information and belief, alterations,
14  structural repairs or additions since January 26, 1993 have also independently
15  triggered requirements for removal of barriers to access for disabled persons per §
16  303 of the ADA.

17      29.     On information and belief, as of the dates within the past two years
18  of plaintiff's efforts to patronize his doctors and/or the Quest medical laboratory
19  facilities at 550A Water Street, Santa Cruz, and as of the filing of this Complaint,
20  the premises have denied and continue to deny full and equal access to plaintiff
21  and to other disabled persons, including wheelchair users, in other respects, which
22  violated plaintiff's rights to full and equal access and which discriminated against
23  plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full
24  and equal enjoyment of the goods, services, facilities, privileges, advantages and
25  accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182
26  and 12183.

27      30.     On information and belief, defendants have continued to violate the
28  law and deny the rights of plaintiff and other disabled persons access to these

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -13-        S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

public accommodations since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC §§ 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners and lessors of the subject property and premises, and as lessees and operators (as to defendant Quest Diagnostics, Inc.), to modify the above described property and premises and related facilities to provides full and equal access to persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            -14-            S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd

defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated: June 9, 2009

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ZACHARY T. WOODFORD

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 9, 2009

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ZACHARY T. WOODFORD

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\CASES\S\SEFTEL\SEFTEL.CMP.wpd