PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
ZACHARY T. WOODFORD

DENNIS HOWELL, Esq. (SBN 78806)
GRUNSKY, EBEY, FARRAR & HOWELL
A Professional Corporation
240 Westgate Drive
Watsonville, CA 95076
Telephone: 831/722-2444
Facsimile: 831/722-6153

Attorneys for Defendants
DANIEL SEFTEL, LUCIENNE SEFTEL,
MARC WAI-SING CHAN-KAI and IVY WAI-SING CHAN-KAI

ANDREW J. SOMMER (SBN 192844)
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco CA 94111-5427
Telephone: 415/398-3500
Facsimile: 415/398-0955
asommer@ebglaw.com

Attorneys for Defendant
QUEST DIAGNOSTICS, INC.

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY T. WOODFORD, | CASE NO. C09-02569 JF |
| Plaintiff, | Civil Rights |
| v. | |
| DANIEL SEFTEL; LUCIENNE SEFTEL; WEI-SENG CHAN-KAI; IVY WS CHAN-KAI; QUEST DIAGNOSTICS, INC.; and DOES 1-10, Inclusive, | **CONSENT DECREE AND [PROPOSED] ORDER** |
| Defendants. | |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

-1-

E:\Seftel\Seftel Consent Decree final.wpd

1. Plaintiff ZACHARY T. WOODFORD filed a Complaint in this action on June 9, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants DANIEL SEFTEL, LUCIENNE SEFTEL, MARC WAI-SING CHAN-KAI, IVY WAI-SING CHAN-KAI, and QUEST DIAGNOSTICS, INC., relating to the condition of their public accommodations as of September 9 - 11, 2008, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 550A Water Street, San Cruz, California.

2. Defendants DANIEL SEFTEL, LUCIENNE SEFTEL, MARC WAI-SING CHAN-KAI, and IVY WAI-SING CHAN-KAI, collectively are the Owners of the property for the purposes of this Consent Decree. They, along with Defendant QUEST DIAGNOSTICS, INC., deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. Plaintiff ZACHARY T. WOODFORD, and defendants DANIEL SEFTEL, LUCIENNE SEFTEL, MARC WAI-SING CHAN-KAI, IVY WAI-SING CHAN-KAI, and QUEST DIAGNOSTICS, INC., hereinafter, collectively, "the parties," hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

-2-

E:\Seftel\Seftel Consent Decree final.wpd

the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §§ 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

   a) **Remedial Measures:** The Owners agree to perform corrective work at 550A Water Street, Santa Cruz, California. Defendants DANIEL SEFTEL and LUCIENNE SEFTEL are responsible for the remediation of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

-3-

E:\Seftel\Seftel Consent Decree final.wpd

Building A. All Owners are jointly and severally responsible for the remediation of the common areas. The scope of the corrective work agreed upon by the parties is detailed in the plans submitted by the Owners: For the common areas and parking accessibility, the plans of Ifland Engineers dated May 13, 2010, Sheets C1-C4, attached and incorporated as **Attachment A**; and for restroom accessibility, the plans of Anderson McKelvey dated April 13, 2010, sheets A-1 through A-3, attached and incorporated as **Attachment B**.

    b) **Timing of Injunctive Relief:** For corrective work not requiring building permits, the Owners will complete the work within 30 days of signing of this Consent Decree. For work requiring building permits, the Owners will submit plans for all corrective work to the appropriate governmental agencies within 30 days of signing of this Consent Decree. The Owners will commence work within 30 days of receiving approval from the appropriate agencies. The Owners will complete the permitted work within 120 days of commencement. In the event that unforeseen difficulties prevent the Owners from completing any of the agreed-upon injunctive relief, the Owners or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. The Owners or their counsel will notify Plaintiff's counsel in writing when all the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree and Order.

    c) The Owners will notify plaintiff in writing at the end of 120 days as to the current status of agreed to injunctive relief, and every 90 days thereafter until all access is provided. If the Owners fail to provide injunctive relief on the agreed to timetable and/or fail to provide timely written status notification, and plaintiff files a motion with the court to obtain compliance with these terms, plaintiff reserves the right to seek additional attorney fees against Owners for all compliance work necessitated by Owners' failure to abide by this Consent Decree.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

-4-

E:\Seftel\Seftel Consent Decree final.wpd

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

7. The parties have not reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court. All the parties stipulate to request that the Court not dismiss the case, as issues of damages and attorney fees are still before the Court.

**ENTIRE CONSENT ORDER:**

8. This Consent Decree and Order and Attachment A to this Consent Decree and Order, which include drawings 01-05 and is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties on the matters of injunctive relief. No other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorney fees, litigation expenses and costs, and defendant Quest's cross-claims.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on the parties and all successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

-5-

E:\Seftel\Seftel Consent Decree final.wpd

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

10.   Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11.   Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

–6–

E:\Seftel\Seftel Consent Decree final.wpd

whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.   This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.   If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.   Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 6-14, 2010          PLAINTIFF ZACHARY T. WOODFORD

_____
ZACHARY T. WOODFORD

Dated: June 14, 2010          DEFENDANT DANIEL SEFTEL

By: _____
    DANIEL SEFTEL

Dated: June 14, 2010          DEFENDANT LUCIENNE SEFTEL

By: _____
    Dr. Daniel Seftel pursuant to a Durable
    Power of Attorney executed on May 12,
    2010

Dated: June 14, 2010          DEFENDANT MARC WAI-SING CHAN-KAI
                              and DEFENDANT IVY WAI-SING CHAN-KAI

By: _____
    Victor F. Bogard Jr., pursuant to a Durable
    Power of Attorney executed on April 12,
    2010

Dated: June 14, 2010          DEFENDANT QUEST DIAGNOSTICS, INC.

By: _____

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF                          -8-                        E:\Seftel\Seftel Consent Decree final.wpd

APPROVED AS TO FORM:

Dated: June 14, 2010

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ZACHARY T. WOODFORD

Dated: June 14, 2010

GRUNSKY, EBEY, FARRAR & HOWELL

DENNIS HOWELL, Esq.
Attorneys for Defendants
DANIEL SEFTEL, LUCIENNE SEFTEL,
MARC WAI-SING CHAN-KAI
and IVY WAI-SING CHAN-KAI

Dated: June 14, 2010

EPSTEIN BECKER & GREEN, P.C.

ANDREW J. SOMMER, Esq.
Attorneys for Defendant
QUEST DIAGNOSTICS, INC.

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 6/23, 2010

Honorable JEREMY FOGEL
United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-2569 JF

-9-

E:\Seftel\Seftel Consent Decree final.wpd